IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CASANDRA WILLIAMS-EVANS, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-148 |
| ADVANCE AUTO PARTS, | * | |
| Defendant. | * | |

# ORDER

Before the Court are two motions from Defendant (Docs. 17, 31) and one motion from Plaintiff (Doc. 27). First, Defendant moves to strike Plaintiff's "Reply from Defendant's Answer to Plaintiff['s] First Amended Complaint" (Doc. 16). Second, Defendant moves under Federal Rule of Civil Procedure 56(d) to extend the response deadline to Plaintiff's motion for summary judgment so Defendant can conduct additional discovery. Finally, Plaintiff filed a Motion to Submit Evidence and Summary into the Record. For the reasons set forth below, Defendant's motions are both **GRANTED**, and Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this employment discrimination case alleging Defendant violated the Americans with

Disabilities Act, as amended ("ADA"), during Plaintiff's time as a sales representative at Advance Auto Parts. (See generally Am. Compl., Doc. 7.) Defendant waived service and filed its Answer to Plaintiff's Amended Complaint on November 26, 2018. (Doc. 13.) In response to Defendant's Answer, Plaintiff filed a "Reply" containing numerous factual and legal arguments. (See Doc. 16.) Shortly thereafter, Plaintiff moved for judgment on the pleadings. (Doc. 19.) On May 7, 2019, Plaintiff filed a Motion to Submit Evidence and Summary into the Record seeking to admit medical records, emails, and text messages relevant to her case. (Doc. 27.) Most recently, on May 21st, Plaintiff moved for summary judgment. (Doc. 28.)

The case is currently in the midst of discovery, which is scheduled to end on July 8, 2019. (Order of Mar. 12, 2019, Doc. 26.) Defendant contends that it still needs to conduct a substantial amount of discovery, including deposing Plaintiff, serving third-party subpoenas on Plaintiff's health care providers, obtaining declarations or affidavits from named witnesses, resolving two discovery disputes with Plaintiff, and obtaining additional documents from the Equal Employment Opportunity Commission ("EEOC"). (Decl. of Wm. Robert Gignilliat, IV ("Gignilliat Decl."), Doc. 34-1, ¶ 13.) Accordingly, Defendant requests the Court extend its deadline to respond to Plaintiff's motion for summary judgment until after discovery closes.

## II. DISCUSSION

### A. Defendant's Motion to Strike

Defendant moves under Federal Rule of Civil Procedure 12(f) to strike Plaintiff's "Reply" to Defendant's Answer. (Doc. 17.) Plaintiff filed a response indicating she does not oppose the motion to strike. (Doc. 18.)

Defendant's Answer did not contain any counterclaims against Plaintiff that might have required a response, nor did the Court order Plaintiff to file a reply to the Answer. Accordingly, Plaintiff's "Reply" to Defendant's Answer is improper. See 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1185 at 27 (3d ed. 2004) ("Absent a counterclaim denominated as such, a reply to an answer ordinarily is unnecessary and improper in federal practice.") Plaintiff's "Reply from Defendant's Answer to Plaintiff['s] First Amended Complaint" (Doc. 16) shall be struck from the record.

### B. Defendant's Motion for Extension

The Court next turns to Defendant's motion under Rule 56(d) to extend the deadline for it to respond to Plaintiff's motion for summary judgment and for the Court to defer ruling on the motion until discovery is completed. (Doc. 31.)

Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified

3

reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." In the Eleventh Circuit, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997). Similarly, "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).

When invoking Rule 56(d) a party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts," rather the party must specifically demonstrate how delaying a ruling on the motion will enable it to rebut the movant's showing that there is no genuine issue of material fact. Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843-44 (11th Cir. 1989) (internal quotations omitted).

Defendant intends to conduct a substantial amount of discovery before the July 8th deadline, all of which it contends will be relevant to the issues presented in Plaintiff's motion for summary judgment. (Gignilliat Decl., ¶¶ 13-14.) First, Defendant

4

believes Plaintiff is improperly withholding discoverable documents because Plaintiff only produced eighteen documents during discovery but submitted sixty-four documents in her Motion to Submit Evidence. Defendant is prepared to file a motion to compel these documents if Plaintiff does not produce them. Second, Defendant has not been able to depose Plaintiff. This may also require Defendant to file a motion to compel based on its communications with Plaintiff regarding scheduling a deposition. Third, Defendant intends to serve third-party subpoenas on Plaintiff's health care providers and obtain additional documents from the EEOC. Finally, Defendant needs additional time to locate, interview, and draft declarations for its former employees named in Plaintiff's Amended Complaint.

Defendant expects this discovery to address essential issues in Plaintiff's motion for summary judgment, including whether Plaintiff is disabled under the ADA, whether Defendant provided reasonable accommodations, and whether Defendant acted with discriminatory or retaliatory intent. Plaintiff identified each of these as issues in her motion for summary judgment. (See Doc. 28, at 3.) Finally, Defendant expects to file its own motion for summary judgment after the close of discovery in this case.

The Court finds that Defendant has carried its burden to demonstrate additional discovery is needed before it can adequately respond to Plaintiff's motion for summary judgment.

Specifically, the fact that Plaintiff has not yet been deposed and has allegedly withheld discoverable documents shows Defendant has not had a reasonable opportunity to discover essential information. See Jones, 120 F.3d at 253 (district court abused its discretion by deciding motion for summary judgment where "the plaintiffs never had the opportunity to examine all of the documents they had requested or to depose [key witnesses]").

Moreover, because the issue of whether Plaintiff is disabled under the ADA is part of the summary judgment motion, Defendant must be given an opportunity to subpoena Plaintiff's medical records, particularly if Plaintiff is unwilling to produce those records in discovery. Last, affidavits or declarations of Defendant's former employees are likely to bear directly on the question of whether Plaintiff was provided reasonable accommodation and whether Defendant acted with discriminatory or retaliatory intent. For all these reasons, Defendant's motion for extension is granted. The Court will defer ruling on Plaintiff's motion for summary judgment until after the close of discovery on July 8, 2019.

## C. Plaintiff's Motion to Submit Evidence

Finally, Plaintiff moves to admit certain documentary evidence into the record. (Doc. 27.) This evidence includes her medical records, communications with physicians, text messages

with Defendant's employees, and summaries of that evidence. (See Doc. 27-2.) In her motion, Plaintiff cites multiple provisions of the Federal Rules of Evidence in an apparent attempt to authenticate this evidence as if she was presenting it at trial.

At this stage in the proceedings, Plaintiff's motion is premature. This case is still in discovery, and, as discussed above, Defendant intends to conduct significantly more discovery before the July 8th deadline. After discovery and the resolution of motions for summary judgment, the parties will be invited to submit proposed trial exhibits, a proposed pretrial order outlining the relevant evidence, and file motions in limine to exclude or admit evidence. Until that time, the Court declines to rule on the admissibility of evidence, and, therefore, denies without prejudice Plaintiff's Motion to Submit Evidence.

The Court notes that Plaintiff cites to some of the evidence attached to her Motion to Submit in the statement of material facts included with her summary judgment motion. (See Doc. 28.) Rule 56(c)(1) allows a party to cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Further, Plaintiff is a *pro se* litigant and the Court will afford liberal construction to her filings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Therefore, while Plaintiff's Motion to Submit is denied without prejudice, the documents she submitted with the motion shall stand on the docket as materials that may be cited in her motion for summary judgment. This ruling shall not be construed as a decision on the admissibility of the evidence attached to Plaintiff's Motion to Submit (Doc. 27-2), nor does it prevent Defendant from objecting to the use of this evidence in Plaintiff's motion for summary judgment pursuant to Rule 56(c)(2).

### III. CONCLUSION

Based on the foregoing, Defendant's motion to strike (Doc. 17) is **GRANTED**. The Clerk is directed to **STRIKE** Plaintiff's "Reply from Defendant's Answer to Plaintiff['s] First Amended Complaint" (Doc. 16) from the record. Defendant's motion for extension under Rule 56(d) is **GRANTED**. The Court will defer ruling on Plaintiff's motion for summary judgment. The parties shall continue to engage in discovery through the Revised Scheduling Order's July 8th deadline and Defendant shall have until **July 18, 2019,** to file its response to Plaintiff's motion for summary judgment. Finally, Plaintiff's premature Motion to Submit Evidence and Summaries into the Record is **DENIED WITHOUT PREJUDICE**. However, the evidence submitted with that motion (Doc. 27-2) shall stand on the docket as evidence cited in Plaintiff's motion for summary judgment.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of June, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA