IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CASANDRA WILLIAMS-EVANS,          *
                                  *
        Plaintiff,                *
                                  *
        v.                        *          CV 118-148
                                  *
ADVANCE AUTO PARTS, INC.,         *
                                  *
        Defendant.                *

_____

**O R D E R**

_____

Before the Court is *pro se* Plaintiff Casandra Williams-Evans'
motion for relief from judgment and request for indicative ruling.
(Doc. 78.)  For the following reasons, the motion is denied.

The Court's January 30, 2020 Order awarded summary judgment
to Defendant Advance Auto Parts, Inc. on all of Plaintiff's claims.
(See Doc. 68.)  Plaintiff appealed on February 24, 2020, and her
appeal remains pending.[1]  Plaintiff now moves for relief from
judgment on the basis of newly discovered evidence and
misrepresentation pursuant to Federal Rules of Civil Procedure
60(b)(2) and (3).  Motions under Rule 60(b) must be made within a
reasonable time, and those made under subsections (b)(2) and (3)

_____

[1] While the filing of an appeal divests a district court of
jurisdiction over the issues contained in the appeal, a district
court retains jurisdiction to act in furtherance of the appeal.
See Mahone v. Ray, 326, F.3d 1176, 1179 (11th Cir. 2003).  This
includes considering and denying Rule 60(b) motions or indicating
the Court's willingness to grant the motion if the case were to be
remanded.  See id. at 1179-80.

must be made no later than a year after the entry of judgment. See FED. R. CIV. P. 60(c)(1). Plaintiff filed her motion within the year time limit, and the Court finds her timing reasonable given her recent receipt of a letter and forms from Defendant as explained below.

The development that has precipitated the present motion is Plaintiff's receipt of a letter from Defendant in October 2020 containing "Request for Accommodation" and "Accommodation Questionnaire for Health Care Provider" forms (collectively, the "October Letter"). Based on the October Letter, Plaintiff argues that Defendant did not determine whether Plaintiff met the Americans with Disabilities Act's ("ADA") definition of "qualified individual" at the time relevant to the lawsuit.

Rule 60(b)(2)

Rule 60(b)(2) permits courts to relieve a party from judgment on the following basis: "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" FED. R. CIV. P. 60(b)(2). The Eleventh Circuit requires parties invoking the rule to meet a five-part test. See Waddell v. Hendry, 329 F.3d 1300, 1309 (11th Cir. 2003). The factors are:

> (1) The evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence

must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result.

Id.   Because relief under Rule 60(b)(2) is an extraordinary measure, compliance with the factors must be strict.   See id. (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)).

Plaintiff fails to meet the fourth and fifth factors.   The fourth factor is not met because the October Letter is unrelated to the determination of Plaintiff's qualified individual status at the summary judgment stage, an element she was required to show to make out her ADA discrimination claim.[2]   The October Letter in no way explains or reconciles Plaintiff's statements to the Social Security Administration ("SSA") that estopped her from asserting qualified individual status.   See Cleveland v. Pol'y Mgmt. Sys. Corp., 526 U.S. 795, 798 (1999) ("To survive a defendant's motion for summary judgment, [plaintiff] must explain why that [SSA] contention is consistent with her ADA claim that she [was a qualified individual].").   The fifth factor is also unmet for the same reasons; because the October Letter is unrelated to the estoppel analysis, it cannot be said that a different result would occur had the October Letter been considered at summary judgment.

---

[2] Plaintiff does not attempt to relate the October 2020 letter to her retaliation claims.

Thus, Plaintiff fails to meet all five factors required to obtain relief from judgment under Rule 60(b)(2).

Rule 60(b)(3)

Rule 60(b)(3) provides for relief from judgment on the basis of "fraud . . . , misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). The movant must "prove by clear and convincing evidence that an adverse party has obtained the [judgment] through fraud, misrepresentation, or other misconduct." Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007) (quotation omitted). The movant must also show that the conduct complained of deprived the movant of the opportunity to "fully and fairly" present his or her case or defense. Id.

Plaintiff argues that Defendant's denial - in its Answer - of certain allegations in the Complaint constituted fraud or misrepresentation. Plaintiff also takes issue with Defendant's estoppel argument on the grounds that Defendant did not have knowledge of Plaintiff's Social Security testimony when the events giving rise to the lawsuit took place. The thrust of Plaintiff's argument is that Defendant used evidence uncovered during discovery in defense of the suit. But that is exactly the purpose of discovery.

Defendant's use of Plaintiff's testimony before the SSA is neither fraudulent nor a misrepresentation. In fact, it supports

4

a valid legal argument as illustrated by the Supreme Court and Eleventh Circuit cases holding that a plaintiff's testimony before the SSA can estop the plaintiff from claiming qualified individual status in an ADA discrimination case without further explanation of the inconsistency between the testimony and the claim. See Siudock v. Volusia Cnty. Sch. Bd., 568 F. App'x 659, 662-63 (11th Cir. 2014) (citing Cleveland, 526 U.S. at 798). Thus, there was neither fraud nor misrepresentation, and Plaintiff's Rule 60(b)(3) argument fails.

Upon the foregoing, Plaintiff's motion for relief from judgment and request for indicative ruling (Doc. 78) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ⁴ᵗʰ day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA