IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CASANDRA WILLIAMS-EVANS, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-148 |
| ADVANCE AUTO PARTS, INC., | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant Advance Auto Parts, Inc.'s second bill of costs. (Doc. 85.) Defendant was awarded summary judgment on January 30, 2020, and the Clerk's Judgment was entered on the same day. Defendant then filed a bill of costs, which the Court denied without prejudice pending the issuance of the Eleventh Circuit's mandate on Plaintiff's appeal. (See Doc. 77.) Now that the Eleventh Circuit has issued its mandate, Defendant once again filed its bill of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920 in the amount of $2,302.63.[1]  Plaintiff Cassandra Williams-Evans has filed objections. (Doc. 86.) For the following reasons, the bill of costs is granted.

---

[1] $1,432.70 is attributable to fees for transcripts of Plaintiff's deposition (Docs. 85, 85-2), and the remaining $869.93 is attributable to fees and costs for copying "materials necessarily obtained for use in the case" – Plaintiff's medical records (Docs. 85, 85-3).

The Court considers Plaintiff's timeliness argument as a threshold issue. Local Rule 54.1 provides that "[a] bill of costs must be filed by the prevailing party within thirty (30) days after the entry of the judgment or other final order from which an appeal may be taken." Plaintiff argues that Defendant's bill of costs is untimely under the Local Rule.

Judgment was entered on January 30, 2020. (Doc. 69.) Thirty days from then would have been February 29, 2020, which was a Saturday. Rule 6(a)(1)(C) provides that if the last day of a period falls on a Saturday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. That would make the bill of costs due on March 2, 2020. Plaintiff states that she was not served by then, referencing both the certificate of service attached to the initial bill of costs and the post mark on the envelope containing the physical copy of the bill of costs. The bill of costs was filed on the docket on March 2, 2020, but the certificate of service states that it was filed on CM/ECF and sent via email and U.S. Mail to Plaintiff on the "3nd [sic] day of March, 2020." (Doc. 73-1, at 6.) The postmark on the envelope is March 5, 2020, after the thirty-day deadline. (Doc. 86, Ex. A.)

The question then is what to make of the date on the certificate of service. While Plaintiff argues that the certificate of service denotes service on March 3, 2020, the actual

2

text, "March 3nd," is in all likelihood a typographical error of "March 2nd." This is clear when looking at the date when the bill of costs was filed on the docket, the date on the bill of costs itself, and the date on the memorandum of law in support of the bill of costs. All of these are dated March 2, 2020. (See generally Doc. 73.) Even if "March 3nd" was not a typographical error, Plaintiff was not prejudiced because she responded to the initial bill of costs within the period allotted for such a response. (See Doc. 75.) Considering the above factors, the Court finds that the first Bill of Costs was timely filed and will therefore consider its merits and Plaintiff's objections. See Stansell v. Revolutionary Armed Forces of Colom., 771 F.3d 713, 746 (11th Cir. 2014) ("Notwithstanding their complaints about lack of formal service, any failure to provide notice was harmless because the appellants received actual notice and appeared."); Roberts v. FNB S. of Alma, Ga., No. CV 215-98, 2016 WL 10920485, at *3 (S.D. Ga. Sept. 26, 2016) (finding compliance with service rules where defendant's certificate of service confirmed mailing of pleading to plaintiff's last known address).

Under Rule 54(d), prevailing parties are entitled to certain costs. But the Court's authority to tax costs is statutorily limited to

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees

3

> and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under [28 U.S.C. § 1923]; [and] (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920. Defendant is the prevailing party, as summary judgment was granted in its favor. See Henderson v. Franklin, 782 F. App'x 866, 874 (11th Cir. 2019). Although the district court has discretion to not award the full amount of costs, such discretion is not unfettered "since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Chapman v. AI Transp., 229 F.3d 1012, 1038-39 (11th Cir. 2000) (citing Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995) and Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977)). To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so. Id. (citing Medford, 62 F.3d at 354) and Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)). As the non-prevailing party in this case, it is Plaintiff's burden to demonstrate that a challenged cost is not taxable. Sensormatic Elecs. Corp. v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

4

A. Plaintiff's Deposition

Whether the costs of a deposition are taxable under Section 1920 depends on the factual question of whether the deposition was "necessarily obtained for use in the case." United States Equal Emp. Opportunity Comm'n v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (quotation omitted). Plaintiff cites to the sentence preceding the above quote, which states "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. at 620 (quotation omitted). Plaintiff argues that her deposition was not necessary for use in the case because Defendant should have already known all the information obtained through the deposition since the underlying events took place before the deposition in 2019. In other words, Plaintiff appears to take issue with the typical procedures of a lawsuit and discovery. For example, she argues that Defendant learned of the facts from the Amended Complaint, Plaintiff's Motion for Judgment on the Pleadings, and other filings in the case, making a deposition unnecessary. (Pl.'s Obj. to Bill of Costs, Doc. 86, at 15.)

A deposition, however, is how our legal system develops allegations into evidence properly admissible for adjudication. Moreover, the deposition was used extensively in Defendant's motion for summary judgment and indeed was the primary piece of

evidence Defendant used to support its motion. (See Doc. 53-1.) And while Defendant may have been apprised of certain facts through Plaintiff's filings, it could not necessarily have used those filings and allegations as evidence to support its motion for summary judgment in the way Plaintiff is implying. Considering the extensive use of Plaintiff's deposition at the summary judgment stage, the Court concludes that it was "necessarily obtained for use in the case" and its costs taxable against Plaintiff in full. See also W&O, Inc., 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." (quotation omitted)).

B. Copying and Printing Plaintiff's Medical Records

Courts consider whether the "prevailing party could have reasonably believed that is was necessary to copy the papers at issue" when considering challenges to costs for copying and printing of documents. Id. at 623. Defendant explains that the $869.93 in copying and printing costs stems from copying costs charged by Plaintiff's medical providers in obtaining her records. Plaintiff states that Defendant had prior knowledge of her disabled status, employing a similar argument as in the case of the deposition. However, Defendant reasonably believed the medical records were necessary, as questions of Plaintiff's disability and ability to perform job functions were central to the case. It

6

also used some of the records at summary judgment. Therefore, the copying and printing costs are taxed against Plaintiff.

Plaintiff has failed to carry her burden as the non-prevailing party to show that Defendant's costs are not taxable. Therefore, **IT IS HEREBY ORDERED** that costs are taxed against Plaintiff in the amount of **$2,302.63,** as set forth in Defendant's Bill of Costs. (Doc. 85.)

**ORDER ENTERED** at Augusta, Georgia, this 30th day of April, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA