```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION
```

| | |
|---|---|
| CASANDRA WILLIAMS-EVANS, | * |
| Plaintiff, | * |
| v. | *   CV 118-148 |
| ADVANCE AUTO PARTS, INC., | * |
| Defendant. | * |

# O R D E R

Before the Court are Plaintiff Casandra Williams-Evans' motions for reconsideration (Doc. 89) and to strike (Doc. 90). For the following reasons, the motions are denied.

A. Motion for Reconsideration

Plaintiff moves for reconsideration of the April 30, 2021 Order taxing costs against her. (Doc. 87.) "Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 7033952, at *2 (S.D. Ga. Nov. 30, 2020) (quotation omitted). A motion for reconsideration is not an appeal; it is therefore improper to "ask the Court to rethink what the Court has already though through – rightly or wrongly." Id. (quoting Armbuster v. Rosenbloom, No. 1:1-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016)). In other words, it is not for relitigating old matters or presenting evidence that could have been raised before the entry

of judgment. Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hesed-El, 2020 WL 7033952, at *2 (quoting Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).

Plaintiff bases her motion for reconsideration on a need to correct clear error or prevent manifest injustice. See Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1380 (S.D. Ga. 2015). Reconsideration on such grounds is "an extreme measure, and substantial discretion rests with the court in granting such a motion." Id. Plaintiff devotes much of her motion to reiterating her timeliness argument with respect to the bill of costs.[1] She also repeats her argument that Defendant did not need certain records or depositions the costs of which were taxed against her. Despite her contention that the Court was clearly erroneous in resolving those arguments, they were considered and disposed of in the April 30, 2021 Order and fail here. The remainder of the motion harangues the Court, calling it "close minded," implying it is biased in favor of Defendant's counsel, and accusing it of prejudice against disabled persons. In sum,

---

[1] Ultimately, this Court has discretion to waive or excuse noncompliance with the Local Rules in such an instance. Flour Intercontinental, Inc. v. IAP Worldwide Servs., Inc., 533 F. App'x 912, 922 n.35 (11th Cir. 2013).

2

Plaintiff is at best relitigating old arguments and her motion for reconsideration (Doc. 89) is **DENIED**.

B. Motion to Strike

Plaintiff invokes Federal Rule of Civil Procedure 12(f) in her motion to strike. She takes issue with the legibility of one copy of the April 30, 2021 Order sent to her, the zip code from which the Orders were sent, and that they are "unofficial" because they are "non-electronically filed." Rule 12(f) permits courts to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). A "pleading" is defined in the Federal Rules and does not include a court order, bill of costs, or an opposing party's motion.[2]

Through her motion, Plaintiff hopes to evade the costs taxed against her. Not only does Rule 12 not permit the striking of such matters, Plaintiff's complaints with the form of the Orders and where they came from are unfounded. As evidenced by their attachment to her motion, Plaintiff was fully apprised of the contents of the April 30, 2021 Order and the bill of costs; even if one copy of the Order is difficult to read, she had a second. As for the difference in zip code, the Orders were sent from this District's Savannah location which in no way impacts their

---

[2] Rule 7(a) lists the types of pleadings: a complaint; an answer to a complaint, counterclaim, or crossclaim; a third-party complaint and an answer to it; and, if ordered by the court, a reply to an answer.

validity. Neither does the lack of a file stamp, which is no longer applied to every filing in these digitally-dominated days. Plaintiff's motion to strike (Doc. 90) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of June, 2021.

>  
> _____  
> J. RANDAL HALL, CHIEF JUDGE  
> UNITED STATES DISTRICT COURT  
> SOUTHERN DISTRICT OF GEORGIA